IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, as Subrogee of JAMES PEARSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES AIR FORCE,<br><br>Defendant. | Case No.: _____<br><br>**COMPLAINT** |

COMES NOW the Plaintiff, New Hampshire Insurance Company, as Subrogee of James Pearson, by and through its attorneys, the Goosmann Law Firm, PLC, and for its cause of action against the Defendant, the United States Air Force, states and alleges as follows:

## PARTIES & JURISDICTION

1. Plaintiff, New Hampshire Insurance Company ("Plaintiff" of "NHIC") is a domestic stock casualty insurance company organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in New York City, New York, and is authorized to provide insurance in the state of Nebraska.

2. Plaintiff NHIC issued a policy of worker's compensation insurance to Paragon Systems, Inc. ("Insured" or "Paragon"), which was in affect at all times material herein.

3. Paragon is a civilian security contractor, which provides security services at Offutt Air Force Base ("Offutt" or "Offutt AFB"), in Sarpy County, Nebraska.

4. Officer James Pearson ("Pearson"), at all times material herein, was an employee of Paragon and was working as a security guard at Offutt.

1

5. Defendant United States Air Force ("Defendant" or "USAF") is an entity of the federal government of the United States of America.

6. This court has subject matter jurisdiction under 28 U.S.C. § 1331, as this civil suit is being brought under the Federal Tort Claims Act (28 U.S.C. §§ 2671, et seq.).

7. Venue in the district of Nebraska is proper under 28 U.S.C. § 1391(e)(1)(B) as "a substantial part of the events or omissions giving rise to the claim occurred" in the district of Nebraska.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates all preceding paragraphs, as if fully set forth herein.

9. At all times material herein, Paragon had a contract with Defendant USAF to provide security patrols and services at Offutt AFB.

10. On or about January 27, 2019, Officer Pearson was performing an exterior foot patrol of the C2F facility at Offutt AFB, in Sarpy County, Nebraska, as part of his duties with Paragon.

11. While performing his exterior foot patrol, Pearson checked the exterior door on the northeast side of the cooling towers located near the C2F facility at Offutt AFB.

12. After ensuring that the door was secure, Pearson began to walk away to continue his foot patrol. After taking approximately two steps away from the door, Pearson slipped on a patch of unseen ice near the East Cooling Tower, resulting in injury to his shoulder and rotator cuff.

## DAMAGES

13. Plaintiff incorporates all preceding paragraphs, as if fully set forth herein.

14. As a result of falling on the ice at Offutt, Pearson sustained injury to his shoulder and rotator cuff. Such injuries required extensive physical therapy and resulted in a permanent partial disability.

15. Under its policy of worker's compensation insurance with Paragon, Pearson's employer, Plaintiff NHIC paid Pearson or others on Pearson's behalf, a total of $29,746.92 for the injuries and medical care resulting from the fall.

16. Paragon is subrogated to the rights of its employee, Pearson, under Neb. Rev. Stat. § 48-118, and Plaintiff NHIC stands in the shoes of its Insured, Paragon, under the doctrine of subrogation, to bring this claim against the Defendant herein.

## TORT CLAIM NOTICE

17. Plaintiff incorporates all preceding paragraphs, as if fully set forth herein.

18. As required under 28 U.S.C. § 2675(a), Plaintiff presented notice of its claim to Defendant USAF on or about September 9, 2020.

19. Said tort claim notice was presented to Defendant USAF by email transmission, as requested by Offutt's legal department, using the Standard Form 95.

20. Offutt confirmed receipt of the tort claim notice on September 9, 2020.

21. More than six (6) months have passed since the tort claim notice was provided to Defendant USAF, through Offutt, and Plaintiff has not received any response from Defendant USAF to said claim.

## CAUSE OF ACTION I

22. Plaintiff incorporates all preceding paragraphs, as if fully set forth herein.

23. At all times material herein, Defendant USAF owned and managed the real property located at Offutt AFB, including the area around the cooling towers and the C2F facility.

24. At all times material herein, Pearson was authorized to enter the exterior areas near the cooling towers and the C2F facility.

25. Defendant USAF knew or should have known that Pearson or someone else would access said areas on foot as part of the security patrols which Defendant USAF contracted with Paragon to provide.

26. Defendant USAF owed a duty to maintain the common areas of the real property in such a way as to reasonably prevent unseen hazards.

27. Defendant USAF had a duty to clear snow and ice from established or public walkways around and near the buildings located at Offutt.

28. Defendant USAF breached its duty of care in one or more of the following particulars:

    a. Failing to properly clear snow and ice from walkways;

    b. Failure to provide notice to licensees of the presence of unseen hazards; and

    c. Failure to properly maintain the property so as to be reasonably free from hazards.

29. Defendant USAF is liable for the actions or inactions of its agents, employees, or representatives, under a theory of vicarious liability, Respondeat Superior, as such actions or inactions took place while the agent or representative was acting in the course and scope of their employment or agency with Defendant USAF

30. The actions and inactions of Defendant USAF or its agents and representatives are the direct cause of the injuries and damages described herein, as the fall and resulting injuries sustained by Pearson would not have occurred but for the actions and inactions of Defendant.

31. The actions and inactions of Defendant USAF or its agents and representatives are the proximate cause of Pearson's fall and injuries as it was reasonably foreseeable that failing to properly clear snow and ice could result in the injuries sustained.

### REQUEST FOR PLACE OF TRIAL

32. Pursuant to NECivR 40.1(b), Plaintiff requests that trial of the above-captioned matter be in Omaha, Nebraska.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays for a judgment against the Defendant in the sum of $29,746.92, plus taxable costs incurred herein, post-judgment interest, and any other relief the Court deems necessary and just in the premises.

DATED this 4th day of May, 2021.

NEW HAMPSHIRE INSURANCE COMPANY, as Subrogee of JAMES PEARSON, Plaintiff,

BY: /s/ William J. Hale
JOEL M. CARNEY, #21922
WILLIAM J. HALE, #26179
Goosmann Law Firm, PLC
17838 Burke Street, Suite 250
Omaha, NE 68118
Telephone: (402) 280-7648
Email: CarneyJ@GoosmannLaw.com
          HaleW@GoosmannLaw.com
*Attorneys for Plaintiff*